Joseph G. Adams (#018210)
Rebekah L.W. Elliott (#032667)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jgadams@swlaw.com
        relliott@swlaw.com

Attorneys for Defendants Mayfair Holdings, LLP,
Michael D. Evans, Mayfair Real Estate LP,
Mayfair Finance Group, LLP, and Mayfair
Finance, LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fahad Al-Rajhi and Jood, Ltd.,<br><br>        Plaintiffs,<br><br>v.<br><br>Mayfair Holdings, LLP; Mayfair Administration, LLC; Mayfair Real Estate LP; Mayfair Finance Group, LLP; Mayfair Finance, LLP; Stuart Horwich; Leon Dutkiewicz and Michael D. Evans,<br><br>        Defendants. | No. 2:18-cv-00581-HRH<br><br>**ANSWER OF DEFENDANTS MAYFAIR HOLDINGS, LLP, MICHAEL D. EVANS, MAYFAIR REAL ESTATE LP, MAYFAIR FINANCE GROUP, LLP, AND MAYFAIR FINANCE, LLP**<br><br>Assigned to the Hon. H. Russel Holland |

Defendants Mayfair Holdings, LLP, Michael D. Evans, Mayfair Real Estate LP, Mayfair Finance Group, LLP, and Mayfair Finance, LLP (collectively, the "Answering Defendants") hereby respond to Fahad Al-Rajhi and Jood, Ltd. (together, the "Plaintiffs") Complaint for Damages as follows:

Answering Defendants deny the allegations in Plaintiffs' introductory, unnumbered paragraph.

**THE PARTIES**

1.     Answering Defendants deny the allegations in paragraph 1.

Snell & Wilmer<br>L.L.P.<br>LAW OFFICES<br>One Arizona Center, 400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br>602.382.6000

2.      Answering Defendants deny the allegations in paragraph 2.

3.      Responding to the allegations in paragraph 3, Answering Defendants admit that Mayfair Real Estate LP is a limited partnership organized under the laws of the State of Delaware.  Answering Defendants deny the remaining allegations in paragraph 3.

4.      Answering Defendants deny the allegations in paragraph 4.

5.      Answering Defendants deny the allegations in paragraph 5.

6.      Responding to the allegations in paragraph 6, Answering Defendants admit that Michael Evans is a citizen of the United Kingdom who periodically resides in Scottsdale, Arizona.  Answering Defendants deny the remaining allegations in paragraph 6.

7.      Responding to the allegations in paragraph 7, Answering Defendants admit that Mr. Horwich is an attorney who offered advice to Mr. Evans.  Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Responding to the allegations in paragraph 8, Answering Defendants admit that Mr. Dutkiewicz is an accountant who offered advice to Mr. Evans.  Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11.

## VENUE AND JURISDICTION

12.     Answering Defendants admit the allegations in paragraph 12.

13.     Responding to the allegations in paragraph 13, Answering Defendants admit that Mayfair Holdings, LLP, has transacted certain business in Arizona and that Mayfair

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Holdings, LLP, may be served via its registered agent.  Answering Defendants deny the remaining allegations in paragraph 13.

14.     Responding to the allegations in paragraph 14, Answering Defendants deny that Mayfair Administration, LLC has committed any tortious act or wrongdoing. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15.     Responding to the allegations in paragraph 15, Answering Defendants admit that Mayfair Real Estate LP, and Mayfair Holdings, LLP, have transacted certain business in Arizona, and that Mayfair Real Estate LP, may be served via its registered agent. Answering Defendants deny the remaining allegations in paragraph 15.

16.     Responding to the allegations in paragraph 16, Answering Defendants admit that Mayfair Finance Group, LLP, and Mayfair Holdings, LLP, have transacted certain business in Arizona, and that Mayfair Finance Group, LLP, may be served via its registered agent.  Answering Defendants deny the remaining allegations in paragraph 16.

17.     Responding to the allegations in paragraph 17, Answering Defendants admit that Mayfair Finance, LLP, and Mayfair Holdings, LLP, have transacted certain business in Arizona, and that Mayfair Finance, LLP, may be served via its registered agent. Answering Defendants deny the remaining allegations in paragraph 17.

18.     Responding to the allegations in paragraph 18, Answering Defendants admit that Defendant Michael Evans has transacted certain business in Arizona.  Answering Defendants admit that Defendant Michael Evans can be served according to the Federal Rules of Civil Procedure.  Answering Defendants deny the remaining allegations in paragraph 18.

19.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Responding to the allegations in paragraph 21, Answering Defendants admit

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

only that Plaintiffs invested money with certain Defendants regarding the purchase and sale of real property in Arizona. Answering Defendants deny the remaining allegations in paragraph 21.

## THE RELEVANT FACTS

22.     Responding to the allegations in paragraph 22, Answering Defendants admit that Defendant Michael Evans offered Plaintiff Al-Rajhi the opportunity to invest in residential real estate in Arizona. Answering Defendants deny the remaining allegations in paragraph 22.

23.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Responding to the allegations of paragraph 24, Answering Defendants admit that Plaintiff Al-Rajhi invested $2,500,000 that was documented in the form of a promissory note. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Responding to the allegations in paragraph 25, Answering Defendants admit that Defendant Mayfair Real Estate LP and Plaintiff Al-Rajhi entered into the Mayfair Holdings LLP Partnership Agreement dated June 27, 2012 (the "Partnership Agreement"), the terms of which speak for themselves. Answering Defendants further admit that the Partnership Agreement contains the signature of Defendant Michael Evans, on behalf of Defendant Mayfair Real Estate LP, and Stuart E. Horwich, on behalf of Mayfair Administration LLC. Answering Defendants deny the remaining allegations in paragraph 25.

26.      Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Responding to the allegations in paragraph 28, Answering Defendants assert that the Partnership Agreement speaks for itself. Answering Defendants deny all

4827-7992-4071.1

characterizations in paragraph 28 that are inconsistent with the terms of the Partnership Agreement.

29.     Responding to the allegations in paragraph 29, Answering Defendants assert that the Partnership Agreement speaks for itself.  Answering Defendants deny all characterizations in paragraph 29 that are inconsistent with the terms of the Partnership Agreement.

30.     Answering Defendants deny the allegations in paragraph 30.

31.     Responding to the allegations in paragraph 31, Answering Defendants assert that the Partnership Agreement speaks for itself.  Answering Defendants deny all characterizations in paragraph 31 that are inconsistent with the terms of the Partnership Agreement.

32.     Responding to the allegations in paragraph 32, Answering Defendants assert that the Partnership Agreement speaks for itself.  Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Answering Defendants deny the allegations in paragraph 33.

34.     Responding to the allegations in paragraph 34, Answering Defendants admit only that Plaintiff Al-Rajhi entered into a Subscription Agreement, the terms of which speak for themselves.  Answering Defendants deny all characterizations of the Subscription Agreement that are inconsistent with the terms of that agreement.

35.     Answering Defendants deny the allegations in paragraph 35.

36.     Responding to the allegations in paragraph 36, Answering Defendants admit only that Mayfair Real Estate LP and Mayfair Holdings, LLP, entered into a Contribution Agreement, the terms of which speak for themselves.  Answering Defendants deny all characterizations of the Contribution Agreement that are inconsistent with the terms of that agreement.  Answering Defendants deny the remaining allegations in paragraph 36.

37.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

38.     Answering Defendants deny the allegations in paragraph 38.

39.     Responding to the allegations in paragraph 39, Answering Defendants affirmatively assert that Plaintiff Al-Rajhi made a loan to Mayfair Holdings, LLP, in the original principal amount of $2.25 million, and that Plaintiff Jood, Ltd., made a separate loan to Mayfair Holdings, LLP, in the original principal amount of $250,000.  Answering Defendants deny the remaining allegations in paragraph 39.

40.     Answering Defendants admit the allegations in paragraph 40.

41.     Responding to the allegations in paragraph 41, Answering Defendants assert that the June Promissory Note speaks for itself and deny all characterizations of the June Promissory Note that are inconsistent with the terms of that agreement.

42.     Responding to the allegations in paragraph 42, Answering Defendants assert that the June Promissory Note speaks for itself and deny all characterizations of the June Promissory Note that are inconsistent with the terms of that agreement.

43.     Responding to the allegations in paragraph 43, Answering Defendants assert that the June Promissory Note speaks for itself and deny all characterizations of the June Promissory Note that are inconsistent with the terms of that agreement.

44.     Responding to the allegations in paragraph 44, Answering Defendants admit that quarterly interest has not been paid as set forth in the written terms of the June Promissory Note.  Answering Defendants affirmatively assert that Plaintiff Al-Rajhi, on behalf of himself and Jood, Ltd., entered into an oral agreement to forego interest payments and receive payments of $7,500 per quarter with the remaining amounts (the difference between the interest amount due under the terms of the June Promissory Note and the November Promissory Note and the $7,500 payment) to be re-invested in Mayfair Holdings, LLP.  Answering Defendants deny the remaining allegations in paragraph 44.

45.     Responding to the allegations in paragraph 45, Answering Defendants admit only that Plaintiff Al-Rajhi sent a written demand for payment under the June Promissory Note, dated January 10, 2017, to Defendant Michael Evans.  Answering Defendants affirmatively assert that counsel for Defendant Michael Evans responded to the letter and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

subsequently exchanged information with counsel for Plaintiff Al-Rajhi. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45.

46.     Answering Defendants deny the allegations in paragraph 46.

47.     Responding to the allegations in paragraph 47, Answering Defendants admit only that Plaintiff Al-Rajhi, Mayfair Holdings, LLP, and Aspen Services, LLC, entered into a Subordination Agreement dated June 27, 2012, the terms of which speak for themselves. Answering Defendants deny all characterizations of the Subordination Agreement that are inconsistent with the terms of that agreement.

48.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Responding to the allegations in paragraph 49, Answering Defendants assert that the terms of the Subordination Agreement speak for themselves and deny all characterizations of the Subordination Agreement that are inconsistent with the terms of that agreement.

50.     Responding to the allegations in paragraph 50, Answering Defendants assert that the terms of the Subordination Agreement speak for themselves and deny all characterizations of the Subordination Agreement that are inconsistent with the terms of that agreement.

51.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Answering Defendants deny the allegations in paragraph 52.

53.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Responding to the allegations in paragraph 54, Answering Defendants admit that Mr. Evans offered to Mr. Al-Rajhi the opportunity to make an additional investment. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54.

4827-7992-4071.1

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    55.    Responding to the allegations in paragraph 55, Answering Defendants admit

2    that Mr. Evans offered to Mr. Al-Rajhi the opportunity to make an additional investment.

3    Answering Defendants are without knowledge and information sufficient to form a belief

4    as to the truth of the allegations in paragraph 55.

5    56.    Responding to the allegations in paragraph 56, Answering Defendants admit

6    that Jood, Ltd., made a loan to Mayfair Holdings, LLP, on or about November 30, 2012,

7    in the original principal amount of $250,000.  Answering Defendants assert that the terms

8    of the November Promissory Note speak for themselves and deny all characterizations of

9    the November Promissory Note that are inconsistent with the terms of that agreement.

10    57.    Responding to the allegations in paragraph 57, Answering Defendants assert

11    that the terms of the November Promissory Note speak for themselves and deny all

12    characterizations of the November Promissory Note that are inconsistent with the terms of

13    that agreement.

14    58.    Responding to the allegations in paragraph 58, Answering Defendants assert

15    that the terms of the November Promissory Note speak for themselves and deny all

16    characterizations of the November Promissory Note that are inconsistent with the terms of

17    that agreement.

18    59.    Responding to the allegations in paragraph 59, Answering Defendants assert

19    that the terms of the November Promissory Note speak for themselves and deny all

20    characterizations of the November Promissory Note that are inconsistent with the terms of

21    that agreement.

22    60.    Responding to the allegations in paragraph 60, Answering Defendants admit

23    that interest has not been paid consistent with the written terms of November Promissory

24    Note.  Answering Defendants affirmatively assert that Plaintiff Al-Rajhi, on behalf of

25    himself and Jood, Ltd., entered into an oral agreement to forego interest payments and

26    receive payments of $7,500 per quarter with the remaining amounts (the difference

27    between the interest amount due under the terms of the June Promissory Note and the

28    November Promissory Note and the $7,500 payment) to be re-invested in Mayfair

1   Holdings, LLP.  Answering Defendants deny the remaining allegations in paragraph 60.

2        61.    Responding to the allegations in paragraph 61, Answering Defendants admit

3   only that Plaintiff Al-Rajhi sent a written demand for payment under the November

4   Promissory Note, dated January 10, 2017, to Defendant Michael Evans.  Answering

5   Defendants affirmatively assert that undersigned counsel for Defendant Michael Evans

6   sent a written response to the demand letter on January 31, 2017.  Answering Defendants

7   are without knowledge and information sufficient to form a belief as to the truth of the

8   remaining allegations in paragraph 61.

9        62.    Answering Defendants deny the allegations in paragraph 62.

10       63.    Responding to the allegations in paragraph 63, Answering Defendants admit

11  only that Defendant Michael Evans and Jood, Ltd., entered into a partnership agreement to

12  form M & F Property Management, LLP on or about December 28, 2012, the terms of

13  which speak for themselves. Answering Defendants deny all characterizations of the M &

14  F Partnership Agreement that are inconsistent with the terms of that agreement.

15       64.    Responding to the allegations in paragraph 64, Answering Defendants assert

16  that the terms of the M & F Partnership Agreement speak for themselves and deny all

17  characterizations of the M & F Partnership Agreement that are inconsistent with the terms

18  of that agreement.

19       65.    Answering Defendants deny the allegations in paragraph 65.

20       66.    Answering Defendants deny the allegations in paragraph 66.

21       67.    Responding to the allegations in paragraph 67, Answering Defendants admit

22  that these parties entered into a Management Agreement.  Answering Defendants are

23  without knowledge and information sufficient to form a belief as to the truth of the

24  allegations in paragraph 67.

25       68.    Answering Defendants are without knowledge and information sufficient to

26  form a belief as to the truth of the allegations in paragraph 68.

27       69.    Answering Defendants are without knowledge and information sufficient to

28  form a belief as to the truth of the allegations in paragraph 69.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

70.     Answering Defendants deny the allegations in paragraph 70.

71.     Answering Defendants deny the allegations in paragraph 70.

72.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Responding to the allegations in paragraph 73, Answering Defendants admit that Mr. Evans offered to Mr. Al-Rajhi the opportunity to make an investment into the Sackville Street Project.  Answering Defendants state that no such investment was made. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Responding to the allegations in paragraph 80, Answering Defendants admit that Defendant Horwich and Pitman Property Management, LLP, withdrew from their representation of the Mayfair group of companies and Defendant Michael Evans. Answering Defendants deny the remaining allegations in paragraph 80.

81.     Responding to the allegations in paragraph 81, Answering Defendants admit that Defendant Horwich sent a letter to investors on or about October 28, 2016, in which he announced that he was withdrawing his representation from the Mayfair Group of

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

companies, the terms of which speak for themselves. Answering Defendants assert that the allegations in paragraph 81 selectively quote and mischaracterize statements in the letter and deny all allegations that are inconsistent with the terms of the October 28, 2016, letter. Answering Defendants further deny that Defendant Michael Evans failed to follow any agreements referenced in the October 28, 2016, letter or that any withdrawals exceeded his profit entitlement under such agreements.

82. Responding to the allegations in paragraph 82, Answering Defendants admit that Mr. Evans sent an e-mail to Mr. Al-Rajhi on January 9, 2017, and that the e-mail contains the quoted portions cited in paragraph 82. Answering Defendants deny they were involved in any "fraudulent scheme," and are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82.

83. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. Answering Defendants deny the allegations in paragraph 84.

85. Responding to the allegations in paragraph 85, Answering Defendants, on information and belief, admit that Defendant Horwich was a partner in Pitman Property Management, that he signed the June Promissory Note, November Promissory Note, and Subscription Agreement, and that he was the manager of Mayfair Administration, LLC. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86. Responding to the allegations in paragraph 85, Answering Defendants, on information and belief, admit that Defendant Dutkiewicz was a partner in Pitman Property Management and provided accounting services to the Mayfair group of companies. Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87. Responding to the allegations in paragraph 87, Answering Defendants admit that certain loans that had reached their maturity date have been repaid. Answering Defendants deny the remaining allegations in paragraph 87.

4827-7992-4071.1

88.     Answering Defendants admit only that Defendant Michael Evans made withdrawals from certain Mayfair entities.  Answering Defendants assert that these withdrawals were within the terms of any applicable agreements.  Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88.

89.     Responding to the allegations in paragraph 89, Answering Defendants state that Mr. Evans obtained substantial additional funding for the various projects into which the Mayfair entities were investing, and he was required to personally guarantee additional sums that greatly exceeded the investments from Defendant Al-Rajhi.  A small portion of the funds obtained by Mr. Evans in connection with those personal guarantees, and not any funds obtained from Defendant Al Rajhi, were used for limited personal expenses.

90.     Answering Defendants deny the allegations in paragraph 90.

91.     Answering Defendants admit the allegations in paragraph 91.

92.     Answering Defendants deny the allegations in paragraph 92.

93.     Responding to the allegations of paragraph 93, Answering Defendants admit that the assets associated with certain Mayfair entities are focused on real estate and that the plan is for them to be sold, as contemplated by all parties.  Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Answering Defendants admit the allegations in paragraph 94.

**COUNT I: BREACH OF CONTRACT – PROMISSORY NOTES**

95.     Answering Defendants incorporate their previous admissions, denials, and statements in response to the allegations in paragraph 95.

96.     Responding to the allegations in paragraph 96, Answering Defendants admit that Mayfair Holdings, LLP, entered into a promissory note with Plaintiff Al-Rajhi in the original principal amount of $2,250,000.00 and a separate promissory note with Plaintiff Jood, Ltd., in the original principal amount of $250,000.00.  Answering Defendants deny

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    the remaining allegations in paragraph 96.

2        97.    Answering Defendants deny the allegations in paragraph 97.

3        98.    Answering Defendants deny the allegations in paragraph 98.

4        99.    Answering Defendants deny the allegations in paragraph 99.

5        100.    Answering Defendants deny the allegations in paragraph 100.

6        101.    Answering Defendants deny the allegations in paragraph 101.

7    **COUNT II: BREACH OF CONTRACT – PARTNERSHIP AGREEMENTS**

8        102.    Answering Defendants incorporate their previous admissions, denials, and

9    statements in response to the allegations in paragraph 102.

10        103.    Responding to the allegations in paragraph 103, Answering Defendants

11    admit that Plaintiff Al-Rajhi and Defendant Mayfair Real Estate LP entered into a

12    partnership agreement to form Mayfair Holdings, LLP.  Answering Defendants deny the

13    remaining allegations in paragraph 103.

14        104.    Answering Defendants admit the allegations in paragraph 104.

15        105.    Answering Defendants deny the allegations in paragraph 105.

16        106.    Answering Defendants deny the allegations in paragraph 106.

17        107.    Answering Defendants deny the allegations in paragraph 107.

18    **COUNT III: BREACH OF FIDUCIARY DUTY**

19        108.    Answering Defendants incorporate their previous admissions, denials, and

20    statements in response to the allegations in paragraph 108.

21        109.    Responding to the allegations in paragraph 109, Answering Defendants

22    admit that Plaintiff Al-Rajhi is a partner in Mayfair Holdings, LLP, and that Jood, Ltd., is

23    a 50% partner in M & F Property Management, LLP.

24        110.    Answering Defendants admit the allegations in paragraph 110.

25        111.    Answering Defendants deny the allegations in paragraph 111.

26        112.    Answering Defendants deny the allegations in paragraph 112.

27        113.    Answering Defendants deny the allegations in paragraph 113.

28        114.    Answering Defendants deny the allegations in paragraph 114.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

## COUNT IV: UNJUST ENRICHMENT

2      115.    Answering Defendants incorporate their previous admissions, denials, and

3  statements in response to the allegations in paragraph 115.

4      116.    Answering Defendants deny the allegations in paragraph 116.

5      117.    Answering Defendants deny the allegations in paragraph 117.

## COUNT V: BREACH OF CONTRACT – M & F PROPERTY MANAGEMENT

## AGREEMENT

8      118.    Answering Defendants incorporate their previous admissions, denials, and

9  statements in response to the allegations in paragraph 118.

10     119.    Answering Defendants admit the allegations in paragraph 119.

11     120.    Answering Defendants are without knowledge and information sufficient to

12  form a belief as to the truth of the allegations in paragraph 120.

13     121.    Answering Defendants deny the allegations in paragraph 121.

14     122.    Answering Defendants deny the allegations in paragraph 122.

## COUNT VI: BREACH OF FIDUCIARY DUTY FOR M & F

16     123.    Answering Defendants incorporate their previous admissions, denials, and

17  statements in response to the allegations in paragraph 123.

18     124.    Answering Defendants admit the allegations in paragraph 124.

19     125.    Answering Defendants deny the allegations in paragraph 125.

20     126.    Answering Defendants deny the allegations in paragraph 126.

21     127.    Answering Defendants deny the allegations in paragraph 127.

## COUNT VII: THEFT

23     128.    Answering Defendants incorporate their previous admissions, denials, and

24  statements in response to the allegations in paragraph 128.

25     129.    Answering Defendants admit only that Defendant Michael Evans made

26  withdrawals from certain Mayfair entities and deny the remaining allegations in paragraph

27  129.

28     130.    Answering Defendants deny the allegations in paragraph 130.

1     131.     Answering Defendants deny the allegations in paragraph 131.

2     132.     Answering Defendants deny the allegations in paragraph 132.

3                          **COUNT VIII: ACCOUNTING**

4     133.     Answering Defendants incorporate their previous admissions, denials, and

5     statements in response to the allegations in paragraph 133.

6     134.     Answering Defendants admit the allegations in paragraph 134.

7     135.     Answering Defendants deny the allegations in paragraph 135.

8     136.     Answering Defendants deny the allegations in paragraph 136.

9     137.     Answering Defendants deny that Plaintiffs are entitled to the relief requested

10    in paragraph 137.

11                          **COUNT IX: FRAUD**

12    138.     Answering Defendants incorporate their previous admissions, denials, and

13    statements in response to the allegations in paragraph 138.

14    139.     Answering Defendants deny the allegations in paragraph 139.

15    140.     Answering Defendants deny the allegations in paragraph 140.

16    141.     Answering Defendants deny the allegations in paragraph 141.

17    142.     Answering Defendants deny the allegations in paragraph 142.

18    143.     Answering Defendants deny the allegations in paragraph 143.

19    144.     Answering Defendants deny the allegations in paragraph 144.

20                **COUNT X: FRAUD BY DEFENDANT HORWICH**

21    145.     Answering Defendants incorporate their previous admissions, denials, and

22    statements in response to the allegations in paragraph 146.

23    146.     Paragraph 146 does not direct a claim against Answering Defendants and,

24    thus, no response is required.  To the extent a response is required, Answering Defendants

25    are without knowledge and information sufficient to form a belief as to the truth of the

26    allegations in paragraph 146.

27    147.     Paragraph 147 does not direct a claim against Answering Defendants and,

28    thus, no response is required.  To the extent a response is required, Answering Defendants

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    are without knowledge and information sufficient to form a belief as to the truth of the

2    allegations in paragraph 147.

3        148.    Paragraph 148 does not direct a claim against Answering Defendants and,

4    thus, no response is required.  To the extent a response is required, Answering Defendants

5    deny the allegations in paragraph 148.

6        149.    Paragraph 149 does not direct a claim against Answering Defendants and,

7    thus, no response is required.  To the extent a response is required, Answering Defendants

8    deny the allegations in paragraph 149.

9        150.    Paragraph 150 does not direct a claim against Answering Defendants and,

10    thus, no response is required.  To the extent a response is required, Answering Defendants

11    deny the allegations in paragraph 150.

12        151.    Paragraph 151 does not direct a claim against Answering Defendants and,

13    thus, no response is required.  To the extent a response is required, Answering Defendants

14    deny the allegations in paragraph 151.

15              **COUNT XI: FRAUD BY DEFENDANT DUTKIEWICZ**

16        152.    Answering Defendants incorporate their previous admissions, denials, and

17    statements in response to the allegations in paragraph 152.

18        153.    Paragraph 153 does not direct a claim against Answering Defendants and,

19    thus, no response is required.  To the extent a response is required, Answering Defendants

20    are without knowledge and information sufficient to form a belief as to the truth of the

21    allegations in paragraph 153.

22        154.    Paragraph 154 does not direct a claim against Answering Defendants and,

23    thus, no response is required.  To the extent a response is required, Answering Defendants

24    are without knowledge and information sufficient to form a belief as to the truth of the

25    allegations in paragraph 154.

26        155.    Paragraph 155 does not direct a claim against Answering Defendants and,

27    thus, no response is required.  To the extent a response is required, Answering Defendants

28    are without knowledge and information sufficient to form a belief as to the truth of the

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

allegations in paragraph 155.

156.    Paragraph 156 does not direct a claim against Answering Defendants and, thus, no response is required.  To the extent a response is required, Answering Defendants deny the allegations in paragraph 156.

157.    Paragraph 157 does not direct a claim against Answering Defendants and, thus, no response is required.  To the extent a response is required, Answering Defendants deny the allegations in paragraph 157.

158.    Paragraph 158 does not direct a claim against Answering Defendants and, thus, no response is required.  To the extent a response is required, Answering Defendants deny the allegations in paragraph 158.

159.    Paragraph 159 does not direct a claim against Answering Defendants and, thus, no response is required.  To the extent a response is required, Answering Defendants deny the allegations in paragraph 159.

### COUNT XII- PUNITIVE DAMAGES

160.    Answering Defendants incorporate their previous admissions, denials, and statements in response to the allegations in paragraph 160.

161.    Answering Defendants deny the allegations in paragraph 161.

162.    Answering Defendants deny the allegations in paragraph 162.

### COUNT XII- EXPENSES OF LITIGATION

163.    Answering Defendants incorporate their previous admissions, denials, and statements in response to the allegations in paragraph 163.

164.    Answering Defendants deny the allegations in paragraph 164.

### GENERAL DENIAL

165.    Answering Defendants deny the truth of all allegations in the Complaint for Damages that are not expressly admitted in this Answer.

### AFFIRMATIVE DEFENSES

1.    By asserting these affirmative defenses, Answering Defendants do not purport to shift the burden of proof regarding any substantive elements of Plaintiffs'

4827-7992-4071.1

claims.

2.      Plaintiffs' claims are barred, in whole or in part, by estoppel, waiver, the applicable statute of limitations, payment, and accord and satisfaction.

3.      Plaintiff Al-Rajhi, on behalf of himself and Plaintiff Jood, Ltd., entered into an oral agreement modifying the terms of the June Promissory Note and November Promissory Note and agreed to forego any quarterly interest payments otherwise required thereunder.

4.      Plaintiffs failed to exercise reasonable and ordinary care, caution and/or prudence to avoid the damages complained of in the Complaint for Damages.  Thus, Answering Defendants assert that Plaintiffs were comparatively at fault for the alleged damages, if any, sustained by Plaintiffs and that any damages awarded against Answering Defendants must be reduced proportionately by the amount of fault attributable to Plaintiffs.

5.      Plaintiffs failed to exercise reasonable care and diligence to mitigate, minimize, or avoid their alleged damages and thus, any recovery which may be awarded to Plaintiffs in this action should be reduced accordingly.

6.      Answering Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserve the right to amend their Answer and assert any matter constituting an avoidance or affirmative defense, including, without limitation, those matters set forth in Rule 8(c), Ariz. R. Civ. P.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Answering Defendants hereby demand a jury trial on all the issues so triable.

WHEREFORE, having fully answered the Complaint for Damages, Answering Defendants pray for judgment as follows:

A.      That Plaintiffs take nothing from Answering Defendants by their Complaint for Damages;

4827-7992-4071.1

1    B.    That the Court enters judgment in favor of Answering Defendants and

2  against Plaintiffs on all claims in the Complaint for Damages;

3    C.    That Answering Defendants be awarded their attorneys' fees pursuant to

4  A.R.S. § 12-341.01 and other applicable law; and

5    D.    For such other and further relief as the Court may deem just and appropriate.

6

7  DATED this 25th day of May, 2018.

8                                        SNELL & WILMER L.L.P.

9

10                              By: /s/ Joseph G. Adams
                                    Joseph G. Adams
11                                  Rebekah L.W. Elliott
                                    One Arizona Center
12                                  400 E. Van Buren, Suite 1900
                                    Phoenix, Arizona  85004-2202
13
                                    Attorneys for Defendants Mayfair
14                                  Holdings, LLP, Michael D. Evans,
                                    Mayfair Real Estate LP, Mayfair
15                                  Finance Group, LLP, and Mayfair
                                    Finance, LLP
16

17

18

19

20

21

22

23

24

25

26

27

28

4827-7992-4071.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2018 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to any attorneys of record.

*/s/ Mandy Garsha*

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

4827-7992-4071.1

- 20 -