IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Fahad Al-Rajhi and Jood, Ltd., )
)
                                Plaintiffs, )
)
   vs. )
)
Mayfair Holdings, LLP, et al., )
)   No. 2:18-cv-0581-HRH
                                Defendants. )
_____)

O R D E R

Motion to Dismiss

Defendants Mayfair Administration, LLC, Stuart Horwich, and Leon Dutkiewicz move to dismiss plaintiffs' complaint for lack of personal jurisdiction.[1] This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

Background

Plaintiffs are Fahad Al-Rajhi and Jood, Ltd. Defendants are Mayfair Holdings, LLP; Mayfair Administration, LLC; Mayfair Real Estate LP; Mayfair Finance Group, LP; Mayfair Finance, LLP; Stuart Horwich; Leon Dutkiewicz; and Michael D. Evans.

---

[1]Docket No. 33.

[2]Docket No. 38.

Plaintiffs allege that in May 2012, Evans induced Al-Rajhi to invest in "a real estate scheme involving the purchase and resale of distressed real estate in and around Phoenix, Arizona."[3] On June 27, 2012, Al-Rajhi and Mayfair Real Estate entered into a Partnership Agreement to form the entity Mayfair Holdings.[4] Mayfair Holdings was the entity that was going to purchase the Arizona real estate.[5] Mayfair Administration was the initial manager of Mayfair Holdings.[6] Mayfair Administration is alleged to be a Delaware corporation with its principal place of business in Pitman, New Jersey.[7]

Also on June 27, 2010, Al-Rajhi and Mayfair Holdings entered into a Subscription Agreement which issued 250,000 class B ordinary shares of Mayfair Holdings to Al-Rajhi.[8] Horwich signed the Subscription Agreement on behalf of Mayfair Administration, which was acting in its capacity as the manager of Mayfair Holdings.[9]

---

[3]Complaint for Damages at 7-8, ¶¶ 22-23, Docket No. 1.

[4]Id. at 8, ¶ 25.

[5]Id. at 9, ¶ 27.

[6]Id. at 8, ¶ 25; Mayfair Holdings LLP Partnership Agreement at 9, ¶ 7.2, Exhibit 1, Plaintiffs' Response to Defendants Mayfair Administration, LLC's, Stuart Horwich's and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 38.

[7]Complaint for Damages at 2, ¶ 2, Docket No. 1.

[8]Id. at 10, ¶ 34.

[9]Subscription Agreement at 5, Exhibit 2, Plaintiffs' Response to Defendants Mayfair Administration, LLC's, Stuart Horwich's and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 38.

Al-Rajhi loaned $2.5 million to Mayfair Holdings. The first loan, which was for $2.25 million, was memorialized in a promissory note dated June 27, 2012.[10] The June promissory note was signed by Horwich on behalf of Mayfair Administration, which was acting in its capacity as the manager of Mayfair Holdings.[11]

In November 2012, Al-Rajhi, through Jood, made a second loan, which was for $250,000, and which was memorialized by a promissory note dated November 30, 2012.[12] The November promissory note was signed by Horwich on behalf of Mayfair Administration, which was acting in its capacity as the manager of Mayfair Holdings.[13]

The terms of both promissory notes called for interest to be paid on the loans, but plaintiffs allege that no interest has been paid to date.[14] Plaintiffs allege that Evans has borrowed significant amounts of money from the Mayfair entities in breach of various Mayfair entity agreements.[15]

---

[10]Complaint for Damages at 11, ¶ 40, Docket No. 38.

[11]Unsecured Subordinated Promissory Note at S-1, Exhibit 3, Plaintiffs' Response to Defendants Mayfair Administration, LLC's, Stuart Horwich's and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 38.

[12]Complaint for Damages at 15, ¶ 56, Docket No. 1.

[13]Unsecured Subordinated Promissory Note at S-1, Exhibit 4, Plaintiffs' Response to Defendants Mayfair Administration, LLC's, Stuart Horwich's and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 38.

[14]Complaint for Damages at 12, ¶ 44; 16, ¶ 60; Docket No. 1.

[15]Id. at 20-21, ¶ 81.

Horwich is alleged to be a United States citizen who resides in the United Kingdom.[16] Horwich is an attorney who is alleged to have "advised [d]efendant Evans, and participated individually, in the formation and operation of the Mayfair entities."[17] Horwich is alleged to have signed documents on behalf of Mayfair Administration.[18] Dutkiewicz is alleged to be a United States citizen who "resides in New Jersey and regularly conducts business throughout the United States, including Arizona."[19] Dutkiewicz is an accountant who is alleged to have "advised [d]efendant Evans and Horwich, and participated individually, in the formation of the Mayfair entities."[20] Horwich and Dutkiewicz, along with Evans, are alleged to have advised Al-Rajhi to form Jood, and Jood is allegedly "managed by individuals selected and directed by [d]efendants Evans, Horwich, and Dutkiewicz."[21]

Plaintiffs further allege that

> Horwich was a partner in Pitman Property Management, and had management responsibilities for the Mayfair portfolio. As a partner in Pitman, Horwich had direct and regular access to the Mayfair bank accounts and provided legal advice and counsel to Defendants Evans and Dutkiewicz. Horwich also played a role in working with accountants and outside attorneys to set up the

---

[16] Id. at 3, ¶ 7.

[17] Id.

[18] Id. at 8, ¶ 25; 10, ¶ 34; 11, ¶ 40.

[19] Id. at 3, ¶ 8.

[20] Id.

[21] Id. at 14, ¶ 53.

> Mayfair entities. Horwich personally signed the June Promissory Note and November Promissory Note and Subscription Agreement given to Al-Rajhi, as a corporate representative of Mayfair. Horwich was also designated as the initial manager of Mayfair Administration, LLC.[22]

And, plaintiffs allege that

> Dutkiewicz was a partner in Pitman Property Management with Horwich, and upon information and belief [was] involved with the creation of the agreements at issue and the management of the Mayfair properties. Further, upon information and belief, he had the same direct and regular access to the Mayfair bank accounts as Horwich, and also individually, played a role as the accountant for the Mayfair Entities generally, and [d]efendant Evans specifically, and among other acts, drafted and signed tax returns for and on behalf of the Mayfair entities.[23]

Horwich and Dutkiewicz aver that they co-own "UK US Tax Services LLC, an accounting firm located in Pitman, New Jersey and incorporated in the state of Delaware."[24] They aver that "UK US Tax Services LLC specializes in providing advice on US tax issues for persons living outside the United States."[25] Horwich and Dutkiewicz aver that "[f]rom 2012 through October 2016, Defendant Mayfair Holdings, LLP received tax services,

---

[22]Id. at 22, ¶ 85.

[23]Id. at 22, ¶ 86.

[24]Declaration of Leon Dutkiewicz [etc.] at 2, ¶ 4; Declaration of Stuart Horwich [etc.] at 2, ¶ 4; both appended to Defendants Mayfair Administration, LLC's, Stuart Horwich's, and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 33.

[25]Dutkiewicz Declaration at 2, ¶ 5; Horwich Declaration at 2, ¶ 5; both appended to Defendants Mayfair Administration, LLC's, Stuart Horwich's, and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 33.

bookkeeping, and accounting services from UK US Tax Services, LLP, either directly or through an affiliated entity, Pitman Property Management, LLP."[26]  They further aver that they "formed Mayfair Administration, LLC in July 2011 under the name FBAR, LLC" and that although Mayfair Administration was named the initial manager of Mayfair Holdings, it resigned as manager on November 30, 2012.[27]

In their complaint, plaintiffs assert breach of contract, breach of fiduciary duty, unjust enrichment, theft, and accounting claims against all defendants.  Plaintiffs also assert fraud claims against Evans, Horwich, and Dutkiewicz.  Plaintiffs' fraud claim against Horwich is based on allegations that he made false representations "concerning the structure of the Mayfair Scheme and plans for the performance of the investment."[28]  Plaintiffs' fraud claim against Dutkiewicz is based on allegations that he made false representations about the "valuations of the portfolio of the Mayfair Scheme."[29]

Horwich, Dutkiewicz, and Mayfair Administration ("the moving defendants") now move to dismiss plaintiffs' claims against them for lack of personal jurisdiction.

---

[26]Dutkiewicz Declaration at 2, ¶ 7; Horwich Declaration at 2, ¶ 7; both appended to Defendants Mayfair Administration, LLC's, Stuart Horwich's, and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 33.

[27]Dutkiewicz Declaration at 2-3, ¶¶ 8, 10-11; Horwich Declaration at 2-3, ¶¶ 8, 10-11; both appended to Defendants Mayfair Administration, LLC's, Stuart Horwich's, and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 33.

[28]Complaint at 31, ¶ 147, Docket No. 1.

[29]Id. at 32, ¶ 155.

Discussion

"Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" Id. (quoting Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)). "In determining whether [a plaintiff has] met this prima facie burden, uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor. . . .'" Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002) (quoting Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)). "Additionally, any evidentiary materials submitted on the motion 'are construed in the light most favorable to the plaintiff and all doubts are resolved in [his] favor.'" Id. (quoting Metro. Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Dole Food Co., 303 F.3d at 1110. "Arizona's long-arm statute provides that an Arizona court may exercise personal jurisdiction over a nonresident defendant to the maximum extent permitted under the Due Process Clause of the United States Constitution." Ariz. School Risk Retention Trust, Inc. v. NMTC, Inc., 169 F. Supp. 3d 931, 935 (D. Ariz. 2016). "The Constitution

permits a court to exercise personal jurisdiction over a nonresident defendant if that defendant has at least 'minimum contacts' with the forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

"[T]here are two forms that personal jurisdiction may take: general and specific." Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015). Plaintiffs do not contend that the moving defendants are subject to general jurisdiction in Arizona. Plaintiffs only contend that the moving defendants are subject to specific personal jurisdiction in Arizona.

The court

> employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:
>
> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)). "The plaintiff bears the burden of satisfying the first two prongs of the test." Schwarzenegger, 374 F.3d at 802). "If the plaintiff fails to satisfy either of these prongs,

personal jurisdiction is not established in the forum state." Id. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

"A purposeful availment analysis is most often used in suits sounding in contract." Id. "A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." Id. Although plaintiffs' complaint appears to assert claims sounding in contract against the moving defendants,[30] in their response to the instant motion, plaintiffs only contend that the purposeful direction analysis applies here. "Purposeful direction 'requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" Morrill v. Scott Financial Corp., 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting Schwarzenegger, 374 F.3d at 803).

---

[30]Although plaintiffs have asserted their breach of contract claims against "defendants", it is highly unlikely that plaintiffs would have viable breach of contract claims against the moving defendants since they were not parties to any of the contracts referenced in plaintiffs' complaint. Horwich did sign some of the contracts on behalf of Mayfair Administration, which was acting in its capacity as the manager of Mayfair Holdings. But, these actions do not make Horwich or Mayfair Administration a party to the contracts in question. See Clausen v. Watlow Electric Mfg. Co., 242 F. Supp. 2d 877, 883 (D. Or. 2002) ("[u]nder traditional agency principles . . . an agent of a disclosed principal does not become a party to the contract and is not bound by the contract even if the agent is the person or entity that negotiates and signs the contract on behalf of the principal").

Assuming without deciding that the moving defendants committed intentional acts purposefully aimed at Arizona, there is nothing that suggests that they knew that plaintiffs would suffer any harm in Arizona. "Harm suffered in the forum state is a necessary element in establishing purposeful direction." Id. at 1144. Al-Rajhi is a citizen and resident of Saudi Arabia[31] and Jood is "a corporation organized under the laws of the British Virgin Islands and wholly owned by . . . Al-Rajhi."[32] Plaintiffs allege that they suffered economic harm because they have not received the interest allegedly due on the promissory notes. Any economic harm suffered by Al-Rajhi would have been suffered where Al-Rajhi lives, which is not in Arizona. As to Jood, "'in appropriate circumstances a corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business.'" Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1231 (9th Cir. 2011) (quoting Dole Food Co., 303 F.3d at 1113). But this is not such a case. Any economic harm that Jood, which is wholly owned by Al-Rajhi, suffered would have been suffered either where Al-Rajhi resides or where Jood has its principal place of business, neither of which is in Arizona.

Because plaintiffs have not suffered any harm in Arizona, they cannot establish purposeful direction. The court thus lacks personal jurisdiction of the moving defendants.

---

[31]Complaint for Damages at 4, ¶ 10, Docket No. 1.

[32]Id. at 4, ¶ 11.

Conclusion

Mayfair Administration, LLC's, Stuart Horwich's, and Leon Dutkiewicz's motion to dismiss[33] is granted. Plaintiffs' claims against these defendants are dismissed without prejudice.

Plaintiffs are not given leave to amend their claims against Mayfair Administration, Horwich, and Dutkiewicz because amendment would be futile. See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("[a]n amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense'")). Plaintiffs, who do not reside in Arizona, would never be able to allege that they suffered economic harm in Arizona.

DATED at Anchorage, Alaska, this 16th day of August, 2018.

/s/ H. Russel Holland<br>United States District Judge

---

[33]Docket No. 33.