WO  IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Fahad Al-Rajhi and Jood, Ltd.,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
Mayfair Holdings, LLP, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　No. 2:18-cv-0581-HRH
　　　　　　　　　　　Defendants.　　　　)

O R D E R

Motion for Leave to Amend

Plaintiffs move for leave to file an amended complaint to add Pitman Property Management, LLP as a defendant.[1] This motion is unopposed.

Background

Plaintiff Fahad Al-Rajhi and defendant Mayfair Real Estate, LP formed Mayfair Holdings, LLP, for the purpose of purchasing real estate in Arizona.[2] Mayfair Real Estate is alleged to be "solely controlled" by defendant Michael Evans.[3] Mayfair Administration,

---

[1]Docket No. 42.

[2]Complaint for Damages at 8, ¶ 25, Docket No. 1.

[3]Id.

-1-

LLC, was the original manager of Mayfair Holdings.[4] Mayfair Administration is owned by defendants Stuart Horwich and Leon Dutkiewicz.[5] Plaintiffs lent $2.5 million to Mayfair Holdings.[6] Plaintiffs allege that they have not been paid the interest that is due on these loans and that Evans has borrowed money from the Mayfair entities in breach of various agreements.[7]

Plaintiffs now move to amend their complaint to add Pitman Property Management, LLP as a defendant. Pitman Property Management, which is owned by Horwich and Dutkiewicz, allegedly entered into an Administration Agreement with Mayfair Holdings and M & F Property Management. Mayfair Holdings is owned by Al-Rajhi and Mayfair Real Estate. M & F Property Management is owned by Jood and Evans.

Plaintiffs contend that pursuant to this agreement, Pitman Property Management was to provide day-to-day bookkeeping, approve all checks and withdrawals from the Mayfair Holdings' bank accounts, retain accountants to prepare tax returns, approve interest payments to the Mayfair lenders, and approve the corporate filings required by the Mayfair entities.

---

[4] Id.

[5] Declaration of Leon Dutkiewicz [etc.] at 2, ¶ 8, appended to Mayfair Administration, LLC's, Stuart Horwich's, and Leon Dutkiewicz's Motion to Dismiss for Lack of Personal Jurisdiction, Docket No. 33.

[6] Complaint for Damages at 11, ¶ 39, Docket No. 1.

[7] Id. at 12, ¶ 44; 16, ¶ 60; 20-21, ¶ 81.

Plaintiffs contend that Pitman Property Management was to be paid annual compensation of $50,000 plus 1/2 percent of Mayfair Holdings' Capital Value.

Plaintiffs seek to assert breach of contract claims against Pitman Property Management based on allegations that Pitman Property Management failed to approve all checks and withdrawals from Mayfair Holdings' bank accounts, failed to prevent Evans from withdrawing and using partnership funds for his personal use, and failed to pay interest to the Mayfair lenders as required by the various Mayfair agreements.[8] Plaintiffs seek to assert these breach of contract claims as co-owners of Mayfair Holdings and M & F Property Management,[9] the entities with which Pitman Property Management contracted.

Plaintiffs also seek to assert a fraud claim against Pitman Property Management based on allegations that Pitman Property Management falsely represented that the Mayfair accounts were being properly managed and controlled, that it was properly performing accountings, that there had been no improper withdrawals, and that loans and interest were properly being paid.[10] Finally, plaintiffs seek to assert a breach of fiduciary claim based on allegations that Pitman Property Management failed to perform its required duties, allowed Evans to usurp and convert assets of the Mayfair entities for his own personal use, failed to pay amounts due under the loans, refused to allow plaintiffs' access to the financial records

---

[8]Proposed Amended Complaint for Damages at 35, ¶¶ 171-73, Exhibit A, Plaintiffs' Motion for Leave to File Amended Complaint [etc.], Docket No. 42.

[9]Id. at 34, ¶ 165.

[10]Id. at 36, ¶¶ 176-77.

of the Mayfair entities, and subordinated plaintiffs' loans to fictional loans made by entities owned and controlled by the other defendants.[11]

## Discussion

Rule 15(a)(2), Federal Rules of Civil Procedure, provides that "[t]he court should freely give leave [to amend] when justice so requires." "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

There has been no bad faith or undue delay here. Plaintiffs' original complaint was filed approximately three months ago and this case is in the early stages of development. Plaintiffs contend that they only became aware of the facts supporting their claims against Pitman Property Management when reviewing defendants' initial disclosures and they filed the instant motion shortly thereafter. As for prejudice, given that this case is in the early stages of development, it is unlikely that there would be any prejudice to the existing defendants or Pitman Property Management if plaintiffs were allowed to amend their complaint.

---

[11]Id. at 38, ¶ 187.

As for futility, plaintiffs acknowledge that Mayfair Administration, Horwich, and Dutkiewicz have moved to dismiss plaintiffs' claims against them for lack of personal jurisdiction, a motion that the court is granting in an order being filed concurrently with this order. Plaintiffs suggest that it is possible that Pitman Property Management might make a similar argument. But, plaintiffs argue that Pitman Property Management's role in the Mayfair Arizona real estate scheme was quite different from that of Mayfair Administration, Horwich, and Dutkiewicz, given that Pitman Property Management performed day-to-day administrative duties for Mayfair Holdings and M & F Property Management, the entities that were buying, selling, and renting the Arizona real estate.

It would be futile to allow plaintiffs to amend their complaint to assert their proposed claims against Pitman Property Management. As for the proposed breach of contract claims, plaintiffs are not parties to the contract they are alleging Pitman Property Management breached. In their proposed amended complaint, plaintiffs allege that Pitman Property Management breached the administration agreement that M & F Property Management and Mayfair Holdings had with Pitman Property Management. M & F Property Management and Mayfair Holdings are parties to that contract, not plaintiffs. Plaintiffs' status as co-owners of M & F Property Management and Mayfair Holdings does not make them parties to the administration agreement. As non-parties to the contract in question, it would be futile for plaintiffs to assert breach of contract claims against Pitman Property Management.

As for plaintiffs' proposed tort claims against Pitman Property Management, the court would lack personal jurisdiction of Pitman Property Management for the same reason the court lacks personal jurisdiction of Mayfair Administration, LLC, Horwich, and Dutkiewicz. As explained in the order dismissing plaintiffs' claims against these defendants, the court lacks personal jurisdiction of these defendants because plaintiffs cannot show that they suffered in harm in the forum state, "a necessary element in establishing purposeful direction." Morrill v. Scott Financial Corp., 873 F.3d 1136, 1142 (9th Cir. 2017).

Conclusion

Plaintiffs' motion for leave to amend[12] is denied.

DATED at Anchorage, Alaska, this 16th day of August, 2018.

/s/ H. Russel Holland
United States District Judge

---

[12] Docket No. 42.